James Bickford (N.Y. Bar No. 5163498)
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20530
James.Bickford@usdoj.gov
Telephone: (202) 305-7632
*Attorney for Defendant*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JEREMY OLSEN, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 2:20-cv-374 (SMJ) |
| ALEX M. AZAR II, in his official capacity as Secretary of Health and Human Services, | ) December 28, 2020 |
| | ) Without Oral Argument |
| Defendant. | ) |

## REPLY IN SUPPORT OF PARTIAL MOTION TO DISMISS

As the Secretary explained in his motion, this Court should dismiss two claims under Federal Rule of Civil Procedure 12(b)(6). First, the Court should dismiss the claim brought under 5 U.S.C. § 706(1), which provides for "judicial review of agency inaction." *Norton v. S. Utah Wilderness Alliance*, 542 U.S. 55, 61 (2004). There is no question that the Secretary adjudicated Mr. Olsen's Medicare coverage claim, and Mr. Olsen does not allege otherwise—instead, he argues that this Court should "reverse the Secretary's decision." ECF No. 21 at 3. That is not

1   a "failure-to-act claim" of the sort contemplated by § 706; it is a challenge to the

2   validity of the Secretary's action. *Montanans For Multiple Use v. Barbouletos*,

3   568 F.3d 225, 227 (D.C. Cir. 2009); *see Hells Canyon Preservation Council v. U.S.*

4   *Forest Service*, 593 F.3d 923, 932 (9th Cir. 2010) (discussing the scope of § 706).

5   Because Mr. Olsen does not seek judicial review of agency inaction, his claim

6   under 5 U.S.C. § 706(1) must be dismissed.

7       The Court should also dismiss the claim alleging a violation of 5 U.S.C.

8   § 706(2)(D), which grants district courts the authority to hold unlawful agency

9   action that is taken "without observance of procedure required by law." Mr. Olsen

10  does not allege that the Secretary's decision was procedurally flawed. Instead, he

11  argues that the decision rested on other procedurally invalid actions. Even if that

12  were so, it would not justify the only remedy that Mr. Olsen seeks: substantive

13  reversal of the Secretary's decision. If the Secretary's final decision improperly

14  relied on another procedurally invalid action, then the remedy is a remand so that

15  the Secretary can decide Mr. Olsen's claim without reference to the disputed

16  action. *See Allina Health Servs. v. Sebelius*, 746 F.3d 1102, 1111 (D.C. Cir. 2014).

17  Such a procedural error would not give this Court license to make a *de novo*

18  coverage determination itself.

19      As the Secretary explained in his motion, the complaint makes reference to

20  1) a CMS Ruling, which is an agency document that binds the Medicare Appeals

Council, but not this Court, to its views, *see* 42 C.F.R. §§ 401.108, 405.1063(b); 2) a local coverage determination (LCD), which is a decision by a Medicare administrative contractor "respecting whether or not a particular item or service is covered" by that contractor, 42 U.S.C. § 1395ff(f)(2)(B), but does not bind this Court or higher levels of the administrative appeals process, *see id.* § 1395ff(c)(3)(B)(ii)(II); and 3) a policy article, which is a guidance document with no binding weight at any level of the administrative appeal process, *see* 85 Fed. Reg. 19,230, 19,266 (Apr. 6, 2020).

This Court has no jurisdiction to review the policy article, and Mr. Olsen's opposition does not argue otherwise. Nor does this Court have jurisdiction to review the local coverage determination outside of a special statutory mechanism that Mr. Olsen has not invoked. *See* 42 U.S.C. § 1395ff(f)(2)(A)(iv); *Vertos Med., Inc. v. Novitas Solutions, Inc.*, 2012 WL 5943542, at *3–*4 (S.D. Tex. Nov. 27, 2012). And Mr. Olsen has not alleged that the local coverage determination played any meaningful role in the ultimate denial of his claim for benefits; an argument that the Secretary's "decision in Mr. Olsen's case may be perceived as relying on . . . LCD 33822," ECF No. 21 at 5, is not enough to provide for judicial review of a local coverage determination that was not binding on the Secretary, outside of the statutory process for review of such determinations.

1  As for the CMS Ruling, the Secretary has noted (and Mr. Olsen does not
2  dispute) that the Ruling itself is not before this Court.  To the extent Mr. Olsen
3  argues that the CMS Ruling was invalidly issued and the Secretary's final decision
4  was tainted by reliance on it, the Court could consider that argument and vacate the
5  Secretary's decision, if warranted.  But such a *procedural* failing could not lead to
6  a *substantive* reversal, which is the only remedy sought by Mr. Olsen here.  Mr.
7  Olsen's argument that the Secretary would be forbidden from considering the
8  merits of his claim for coverage upon remand is simply incorrect.  *See* ECF No. 21
9  at 5–6.  Because the instant complaint seeks only a substantive reversal of the
10 Secretary's final decision, Mr. Olsen's claim alleging a procedural violation of 5
11 U.S.C. § 706(2)(D) must be dismissed.

## CONCLUSION

13 This Court should dismiss Mr. Olsen's § 706(1) and § 706(2)(D) claims
14 under Rule 12(b)(6).

Respectfully submitted,

JEFFREY BOSSERT CLARK
Assistant Attorney General

MICHELLE BENNETT
Assistant Director, Federal Programs Branch

*/s/ James Bickford*
JAMES BICKFORD
Trial Attorney (N.Y. Bar No. 5163498)

- 5 -

                                        United States Department of Justice
                                        Civil Division, Federal Programs Branch
                                        1100 L Street, NW
                                        Washington, DC 20530
                                        James.Bickford@usdoj.gov
                                        Telephone: (202) 305-7632
                                        Facsimile: (202) 616-8470

                                        *Counsel for Defendant*

Date: December 2, 2020