FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 13, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JEREMY OLSEN,<br><br>     Plaintiff,<br><br>  v.<br><br>ALEX M. AZAR II, in his official capacity as the Secretary of the United States Department of Health and Human Services,<br><br>     Defendant. | No. 2:20-cv-00374-SMJ<br><br>**AMENDED ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS[1]** |

   Before the Court, without oral argument, is Defendant's Partial Motion to Dismiss, ECF No. 19. Defendant asks this Court to dismiss Counts I and IV of the Complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. The Court has reviewed the record and pleadings in this matter, is fully informed, and grants in part and denies in part Defendant's Partial Motion to Dismiss.

//

---

[1] Due to a clerical error, the Court's original Order erroneously directed the Clerk's Office to close this file. ECF No. 34.

AMENDED ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANT'S MOTION TO DISMISS – 1

## BACKGROUND

Plaintiff Jeremy Olsen alleges he is a 41-year-old Type I diabetic who has suffered kidney failure and undergone a kidney transplant due to his condition. ECF No. 1 at 10. Plaintiff uses a Medtronic MiniMed Continuous Glucose Monitor (CGM), which he alleges a doctor prescribed him to help avoid failure of his transplanted kidney and prevent other complications from his diabetes. *Id.* at 11.

After his claim for Medicare coverage of the CGM supplies was initially denied as not "durable medical equipment," an Administrative Law Judge eventually approved Plaintiff's claim. *Id.* at 11–12. But the Medicare Appeals Council/Departmental Review Board ("Appeals Council") reversed the ALJ, determining that a CGM is not "durable medical equipment" because it is not "primarily and customarily used to serve a medical purpose." *Id.* at 12.

Plaintiff sought judicial review in the U.S. District Court for the District of Columbia. ECF No. 1. The case was transferred to this Court. ECF No. 14. Plaintiff alleges six causes of action. ECF No. 1. Among other things, he claims the Appeals Council based its decision on CMS-1682-R, a "final opinion and order" regarding CGM coverage, which the Department of Health and Human Services issued without a public notice and comment period. *Id.* at 8.

## LEGAL STANDARD

Under Rule 12(b)(6), the Court must dismiss a complaint if it "fail[s] to state

AMENDED ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANT'S MOTION TO DISMISS – 2

a claim upon which relief can be granted," including when the plaintiff's claims either fail to allege a cognizable legal theory or fail to allege sufficient facts to support a cognizable legal theory. *Kwan v. SanMedica Int'l*, 854 F.3d 1088, 1093 (9th Cir. 2017). To survive a Rule 12(b)(6) motion, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Facial plausibility exists when a complaint pleads facts permitting a reasonable inference that the defendant is liable to the plaintiff for the misconduct alleged. *Iqbal*, 556 U.S. at 678. Plausibility does not require probability but demands something more than a mere possibility of liability. *Id.* While the plaintiff need not make "detailed factual allegations," "unadorned" accusations of unlawful harm and "formulaic" or "threadbare recitals" of a claim's elements, supported only "by mere conclusory statements," are insufficient. *Id.*

In deciding a Rule 12(b)(6) motion, the Court construes a complaint in the light most favorable to the plaintiff, assumes the facts as pleaded are true, and draws all reasonable inferences in his or her favor. *Ass'n for L.A. Deputy Sheriffs v. County of Los Angeles*, 648 F.3d 986, 991 (9th Cir. 2011); *Iqbal*, 556 U.S. at 678. Even so, the Court may disregard legal conclusions couched as factual allegations. *See id.*

//

AMENDED ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS – 3

# DISCUSSION

## A.    Plaintiff fails to state a claim as to Count I

Count I of Plaintiff's complaint alleges a cause of action under 5 U.S.C. § 706(1). ECF No. 1 at 12–13. That subsection empowers courts to "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). "[A] claim under § 706(1) can proceed only where a Plaintiff asserts that an agency failed to take a *discrete* agency action that it is *required to take.*" *Norton v. S. Utah Wilderness Alliance*, 542 U.S. 55, 64 (2004) (emphasis in original).

Defendant argues that Plaintiff's disagreement with the *substantive* result of the Appeals Council's adjudication does not establish a claim under Section 706(1). ECF No. 19 at 5. Defendant insists that because Plaintiff does not allege that the agency failed to take some required action, the Court must dismiss Count I. *Id.*; *see Norton*, 542 U.S. at 61 (Section 706(1) contemplates "judicial review of agency inaction").

This Court agrees. True, the agency's reversal of the ALJ's decision means that Plaintiff does not receive the coverage he seeks. But Section 706(1) "does not give [courts] license to 'compel agency action' whenever the agency is withholding or delaying an action [they] think it should take." *Hells Canyon Pres. Council v. U.S. Forest Servs.*, 593 F.3d 923, 932 (9th Cir. 2010). Instead, Courts may do so

AMENDED ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANT'S MOTION TO DISMISS – 4

only when "an agency has ignored a specific legislative command." *Id.* The Court thus dismisses Count I of Plaintiff's Complaint.

**B.      Plaintiff states a claim as to Count IV**

Count IV of Plaintiff's complaint alleges a cause of action under 5 U.S.C. § 706(2)(D). ECF No. 1 at 14. That subsection empowers district courts to set aside agency actions, findings, or conclusions they find to be "without observance of procedure required by law." 5 U.S.C. § 706(2)(D). Like Count I, Defendant maintains that Plaintiff objects to the *substantive* result of the agency decision and does not allege any procedural failings. ECF No. 19 at 6.

But as to this Count, Plaintiff does not merely allege that the agency improperly denied coverage. He also argues that the Appeals Council's decision should be invalidated *precisely* because it relied on a rule promulgated "without observance of procedure required by law." *See* 5 U.S.C. § 706(2)(D); ECF No. 1 at 14; ECF No. 21 at 4. Namely, he alleges that the agency did not comply with the notice and comment provisions for modification of Medicare coverage policy in issuing CMS-1682-R. ECF No. 1 at 6, 14; *see also* 42 U.S.C. § 1395hh(2); *Sequoia Orange Co. v. Yeutter*, 973 F.2d 752, 757 n.2 (9th Cir. 1992). Plaintiff has thus stated a plausible claim for relief.

//

//

AMENDED ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANT'S MOTION TO DISMISS – 5

Accordingly, **IT IS HEREBY ORDERED**:

1.    Defendant's Partial Motion to Dismiss, **ECF No. 19**, is **GRANTED IN PART AND DENIED IN PART**.

2.    Count I of Plaintiff's Complaint, **ECF No. 1**, is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim upon which relief may be granted.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 13th day of January 2021.

_____
SALVADOR MENDOZA, JR.
United States District Judge

AMENDED ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANT'S MOTION TO DISMISS – 6