James Bickford (N.Y. Bar No. 5163498)
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20530
James.Bickford@usdoj.gov
Telephone: (202) 305-7632
*Attorney for Defendant*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JEREMY OLSEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **ANSWER** |
| v. ) | |
| ) | |
| NORRIS COCHRAN, in his official ) | Case No. 2:20-cv-374 (SMJ) |
| capacity as Acting Secretary of ) | |
| Health and Human Services, ) | |
| ) | |
| Defendant. ) | |

## INTRODUCTION

The Defendant, Norris Cochran,[1] Acting Secretary of Health and Human

Services (the "Secretary"), respectfully answers the allegations of the Corrected

Complaint, ECF No. 3-1, as follows.  The Secretary notes that, pursuant to 42

U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the

---

[1] Acting Secretary Cochran is automatically substituted as Defendant by operation

of Federal Rule of Civil Procedure 25(d).

administrative record, rather than the allegations of the parties in their respective pleadings.

1.     This paragraph consists of Plaintiff's legal conclusions and characterization of this lawsuit, to which no response is required.

2.     This paragraph consists of Plaintiff's legal conclusions regarding subject-matter jurisdiction, to which no response is required.

3.     This paragraph consists of Plaintiff's legal conclusions regarding venue, to which no response is required.

4.     Admitted.

5.     Admitted that Alex M. Azar II was the Secretary of Health and Human Services when the Corrected Complaint was filed.  The remainder of this paragraph consists of Plaintiff's characterization of this lawsuit, to which no response is required.

6.     This paragraph consists of factual allegations regarding diabetes. Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents.  To the extent that these allegations are not reflected in the administrative record, they are beyond the scope of the Court's review in this case, and no response is required.

7.    This paragraph consists of factual allegations regarding diabetes. Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents.  To the extent that these allegations are not reflected in the administrative record, they are beyond the scope of the Court's review in this case, and no response is required.

8.    This paragraph consists of factual allegations regarding diabetes. Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents.  To the extent that these allegations are not reflected in the administrative record, they are beyond the scope of the Court's review in this case, and no response is required.

9.    This paragraph consists of factual allegations regarding diabetes. Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents.  To the

1   extent that these allegations are not reflected in the administrative record, they are

2   beyond the scope of the Court's review in this case, and no response is required.

3        10.    This paragraph consists of factual allegations regarding diabetes.

4   Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based

5   solely on the administrative record, rather than the allegations of the parties in their

6   respective pleadings; Defendant thus respectfully refers the Court to the

7   administrative record for a full and accurate statement of its contents.  To the

8   extent that these allegations are not reflected in the administrative record, they are

9   beyond the scope of the Court's review in this case, and no response is required.

10        11.    This paragraph consists of factual allegations regarding diabetes.

11   Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based

12   solely on the administrative record, rather than the allegations of the parties in their

13   respective pleadings; Defendant thus respectfully refers the Court to the

14   administrative record for a full and accurate statement of its contents.  To the

15   extent that these allegations are not reflected in the administrative record, they are

16   beyond the scope of the Court's review in this case, and no response is required.

17        12.    This paragraph consists of factual allegations regarding glucose tests.

18   Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based

19   solely on the administrative record, rather than the allegations of the parties in their

20   respective pleadings; Defendant thus respectfully refers the Court to the

administrative record for a full and accurate statement of its contents.  To the extent that these allegations are not reflected in the administrative record, they are beyond the scope of the Court's review in this case, and no response is required.

13.    This paragraph consists of factual allegations regarding glucose tests. Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents.  To the extent that these allegations are not reflected in the administrative record, they are beyond the scope of the Court's review in this case, and no response is required.

14.    This paragraph consists of factual allegations regarding continuous glucose monitors.  Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents. To the extent that these allegations are not reflected in the administrative record, they are beyond the scope of the Court's review in this case, and no response is required.

15.    This paragraph consists of factual allegations regarding continuous glucose monitors.  Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in

this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents. To the extent that these allegations are not reflected in the administrative record, they are beyond the scope of the Court's review in this case, and no response is required.

16.    This paragraph consists of a factual allegation regarding continuous glucose monitors.  Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents. To the extent that this allegation is not reflected in the administrative record, it is beyond the scope of the Court's review in this case, and no response is required.

17.    This paragraph consists of factual allegations regarding continuous glucose monitors.  Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents. To the extent that these allegations are not reflected in the administrative record,

1    they are beyond the scope of the Court's review in this case, and no response is

2    required.

3        18.    This paragraph consists of factual allegations regarding continuous

4    glucose monitors.  Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in

5    this action is based solely on the administrative record, rather than the allegations

6    of the parties in their respective pleadings; Defendant thus respectfully refers the

7    Court to the administrative record for a full and accurate statement of its contents.

8    To the extent that these allegations are not reflected in the administrative record,

9    they are beyond the scope of the Court's review in this case, and no response is

10    required.

11        19.    This paragraph consists of factual allegations regarding continuous

12    glucose monitors.  Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in

13    this action is based solely on the administrative record, rather than the allegations

14    of the parties in their respective pleadings; Defendant thus respectfully refers the

15    Court to the administrative record for a full and accurate statement of its contents.

16    To the extent that these allegations are not reflected in the administrative record,

17    they are beyond the scope of the Court's review in this case, and no response is

18    required.

19        20.    This paragraph consists of factual allegations regarding continuous

20    glucose monitors.  Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in

this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents. To the extent that these allegations are not reflected in the administrative record, they are beyond the scope of the Court's review in this case, and no response is required.

21.    This paragraph consists of factual allegations regarding continuous glucose monitors.  Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents. To the extent that these allegations are not reflected in the administrative record, they are beyond the scope of the Court's review in this case, and no response is required.

22.    This paragraph consists of factual allegations regarding continuous glucose monitors.  Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents. To the extent that these allegations are not reflected in the administrative record,

they are beyond the scope of the Court's review in this case, and no response is required.

23.    This paragraph consists of factual allegations regarding continuous glucose monitors.  Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents. To the extent that these allegations are not reflected in the administrative record, they are beyond the scope of the Court's review in this case, and no response is required.

24.    This paragraph consists of plaintiff's characterizations and legal conclusions regarding the treatment of continuous glucose monitors under Medicare Part B, to which no response is required.

25.     This paragraph consists of plaintiff's characterizations and legal conclusions regarding Medicare Part B, to which no response is required.  The Court is respectfully referred to the cited statutory provision for a full and complete statement of its contents.

26.    This paragraph consists of plaintiff's characterizations and legal conclusions regarding the Secretary's regulations, to which no response is

1   required.  The Court is respectfully referred to the cited regulatory provision for a

2   full and complete statement of its contents.

3        27.     This paragraph consists of a block quotation of a statutory provision,

4   to which no response is required.  The Court is respectfully referred to the cited

5   statutory provision for a full and complete statement of its contents.

6        28.     This paragraph consists of plaintiff's characterizations and legal

7   conclusions regarding a statutory provision, to which no response is required.  The

8   Court is respectfully referred to the cited statutory provision for a full and complete

9   statement of its contents.

10       29.     Defendant admits that CMS Ruling 1682-R was issued on January 12,

11  2017.  The remainder of this paragraph consists of plaintiff's characterizations and

12  legal conclusions regarding CMS Ruling 1682-R, to which no response is required.

13  The Court is respectfully referred to the cited CMS Ruling for a full and complete

14  statement of its contents.

15       30.     This paragraph consists of plaintiff's quotation from CMS Ruling

16  1682-R, to which no response is required.  The Court is respectfully referred to the

17  cited CMS Ruling for a full and complete statement of its contents.

18       31.     This paragraph consists of plaintiff's characterizations and legal

19  conclusions regarding CMS Ruling 1682-R, to which no response is required.  The

1   Court is respectfully referred to the cited CMS Ruling for a full and complete

2   statement of its contents.

3          32.    This paragraph consists of plaintiff's characterizations and legal

4   conclusions regarding CMS Ruling 1682-R, to which no response is required.  The

5   Court is respectfully referred to the cited CMS Ruling for a full and complete

6   statement of its contents.

7          33.    This paragraph consists of plaintiff's characterizations and legal

8   conclusions regarding CMS Ruling 1682-R, to which no response is required.  The

9   Court is respectfully referred to the cited CMS Ruling for a full and complete

10  statement of its contents.

11         34.    This paragraph consists of plaintiff's characterizations and legal

12  conclusions regarding the treatment of continuous glucose monitors under

13  Medicare Part B, to which no response is required.

14         35.    This paragraph consists of plaintiff's characterizations and legal

15  conclusions regarding CMS Ruling 1682-R, to which no response is required.  The

16  Court is respectfully referred to the cited CMS Ruling for a full and complete

17  statement of its contents.

18         36.    This paragraph consists of plaintiff's characterizations and legal

19  conclusions regarding LCD L33822 and Policy Article A52464, to which no

1    response is required.  The Court is respectfully referred to the cited local coverage

2    determination and policy article for a full and complete statement of their contents.

3        37.    This paragraph consists of plaintiff's characterizations and legal

4    conclusions regarding CMS Ruling 1682-R, to which no response is required.  The

5    Court is respectfully referred to the cited CMS Ruling for a full and complete

6    statement of its contents.

7        38.    This paragraph consists of plaintiff's characterizations and legal

8    conclusions regarding National Coverage Determination 280.1, among other

9    things.  No response is required.  The Court is respectfully referred to the cited

10   national coverage determination for a full and complete statement of its contents.

11       39.    This paragraph consists of plaintiff's characterizations and legal

12   conclusions regarding Local Coverage Determination L33822 and Policy Article

13   A52464, among other things.  No response is required.  The Court is respectfully

14   referred to the cited local coverage determination and policy article for a full and

15   complete statement of their contents.

16       40.    Admitted that several district courts have reviewed Medicare Part B

17   coverage determinations for continuous glucose monitors.

18       41.    This paragraph consists of plaintiff's characterizations and legal

19   conclusions regarding several district court decisions, to which no response is

1    required.  The Court is respectfully referred to those district court decisions for a

2    full and complete statement of their contents.

3          42.    This paragraph consists of plaintiff's characterizations and legal

4    conclusions regarding several district court decisions, to which no response is

5    required.  The Court is respectfully referred to those district court decisions for a

6    full and complete statement of their contents.

7          43.    This paragraph consists of plaintiff's characterizations and legal

8    conclusions regarding the district court's decision in *Whitcomb v. Azar*, to which

9    no response is required.  The Court is respectfully referred to that decision for a

10   full and complete statement of its contents.

11         44.    This paragraph consists of plaintiff's characterizations and legal

12   conclusions regarding several district court decisions, to which no response is

13   required.  The Court is respectfully referred to those district court decisions for a

14   full and complete statement of their contents.

15         45.    This paragraph consists of plaintiff's characterizations and legal

16   conclusions regarding a decision of the Departmental Appeals Board, to which no

17   response is required.  The Court is respectfully referred to the cited decision for a

18   full and complete statement of its contents.

19         46.    This paragraph consists of factual allegations regarding Plaintiff.

20   Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based

1    solely on the administrative record, rather than the allegations of the parties in their

2    respective pleadings; Defendant thus respectfully refers the Court to the

3    administrative record for a full and accurate statement of its contents.  To the

4    extent that these allegations are not reflected in the administrative record, they are

5    beyond the scope of the Court's review in this case, and no response is required.

6           47.    This paragraph consists of factual allegations regarding Plaintiff.

7    Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based

8    solely on the administrative record, rather than the allegations of the parties in their

9    respective pleadings; Defendant thus respectfully refers the Court to the

10   administrative record for a full and accurate statement of its contents.  To the

11   extent that these allegations are not reflected in the administrative record, they are

12   beyond the scope of the Court's review in this case, and no response is required.

13          48.    This paragraph consists of factual allegations regarding Plaintiff.

14   Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based

15   solely on the administrative record, rather than the allegations of the parties in their

16   respective pleadings; Defendant thus respectfully refers the Court to the

17   administrative record for a full and accurate statement of its contents.  To the

18   extent that these allegations are not reflected in the administrative record, they are

19   beyond the scope of the Court's review in this case, and no response is required.

49.     This paragraph consists of factual allegations regarding Plaintiff. Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents.  To the extent that these allegations are not reflected in the administrative record, they are beyond the scope of the Court's review in this case, and no response is required.

50.     This paragraph consists of factual allegations regarding Plaintiff. Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents.  To the extent that these allegations are not reflected in the administrative record, they are beyond the scope of the Court's review in this case, and no response is required.

51.     This paragraph consists of factual allegations regarding Plaintiff and his continuous glucose monitor.  Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents.  To the extent that these allegations are not reflected in

1   the administrative record, they are beyond the scope of the Court's review in this

2   case, and no response is required.

3          52.     This paragraph consists of allegations regarding the coverage claim at

4   issue in this case.  Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in

5   this action is based solely on the administrative record, rather than the allegations

6   of the parties in their respective pleadings; Defendant thus respectfully refers the

7   Court to the administrative record for a full and accurate statement of its contents.

8   To the extent that these allegations are not reflected in the administrative record,

9   they are beyond the scope of the Court's review in this case, and no response is

10  required.

11         53.     This paragraph consists of allegations regarding the coverage claim at

12  issue in this case.  Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in

13  this action is based solely on the administrative record, rather than the allegations

14  of the parties in their respective pleadings; Defendant thus respectfully refers the

15  Court to the administrative record for a full and accurate statement of its contents.

16  To the extent that these allegations are not reflected in the administrative record,

17  they are beyond the scope of the Court's review in this case, and no response is

18  required.

19         54.     Admitted that Plaintiff's claims for coverage were initially denied on

20  the listed date, and that he sought redetermination.  The remainder of this

- 16 -

paragraph consists of Plaintiff's characterization of those initial denials, to which no response is required.  The Court is respectfully referred to the administrative record for a full and accurate statement of their contents.

55.    Admitted that Plaintiff's claims were denied on redetermination, on the listed date, and that he sought reconsideration.  The remainder of this paragraph consists of Plaintiff's characterization of those redetermination decisions, to which no response is required.  The Court is respectfully referred to the administrative record for a full and accurate statement of their contents.

56.    Admitted that Plaintiff's claims were denied on reconsideration, on the listed date, and that he sought review by an administrative law judge.  The remainder of this paragraph consists of Plaintiff's characterization of those reconsideration decisions, to which no response is required.  The Court is respectfully referred to the administrative record for a full and accurate statement of their contents.

57.    Admitted that the administrative law judge conducted a hearing on the listed date and issued a decision on Plaintiff's claims.  The remainder of this paragraph consists of Plaintiff's characterization of that ALJ decision, to which no response is required.  The Court is respectfully referred to the administrative record for a full and accurate statement of its contents.

58.     This paragraph consists of Plaintiff's characterization of filings before the Medicare Appeals Council, to which no response is required.  The Court is respectfully referred to those filings for a full and complete statement of their contents.

59.     Admitted that the Medicare Appeals Council issued a decision on Plaintiff's claims on the listed date.  The remainder of this paragraph consists of Plaintiff's characterization of that decision, to which no response is required.  The Court is respectfully referred to the administrative record for a full and accurate statement of its contents.

60.     Admitted.

61.     In this paragraph, Plaintiff repeats the paragraphs set forth above.  The Secretary incorporates by reference his answers to all of the preceding paragraphs as if fully set out herein.

62.     This paragraph consists of a request for relief, to which no response is required.  To the extent that a response is deemed necessary, the Secretary denies that Plaintiff is entitled to the requested relief or any relief whatsoever.  The Secretary notes that this claim was dismissed by the Court on January 12, 2021.

63.     This paragraph consists of a request for relief, to which no response is required.  To the extent that a response is deemed necessary, the Secretary denies

that Plaintiff is entitled to the requested relief or any relief whatsoever.  The

Secretary notes that this claim was dismissed by the Court on January 12, 2021.

64.    In this paragraph, Plaintiff repeats the paragraphs set forth above.  The

Secretary incorporates by reference his answers to all of the preceding paragraphs

as if fully set out herein.

65.    This paragraph consists of a request for relief, to which no response is

required.  To the extent that a response is deemed necessary, the Secretary denies

that Plaintiff is entitled to the requested relief or any relief whatsoever.

66.    This paragraph consists of a request for relief, to which no response is

required.  To the extent that a response is deemed necessary, the Secretary denies

that Plaintiff is entitled to the requested relief or any relief whatsoever.

67.    In this paragraph, Plaintiff repeats the paragraphs set forth above.  The

Secretary incorporates by reference his answers to all of the preceding paragraphs

as if fully set out herein.

68.    This paragraph consists of a request for relief, to which no response is

required.  To the extent that a response is deemed necessary, the Secretary denies

that Plaintiff is entitled to the requested relief or any relief whatsoever.

69.    This paragraph consists of a request for relief, to which no response is

required.  To the extent that a response is deemed necessary, the Secretary denies

that Plaintiff is entitled to the requested relief or any relief whatsoever.

70.    In this paragraph, Plaintiff repeats the paragraphs set forth above.  The Secretary incorporates by reference his answers to all of the preceding paragraphs as if fully set out herein.

71.    This paragraph consists of a request for relief, to which no response is required.  To the extent that a response is deemed necessary, the Secretary denies that Plaintiff is entitled to the requested relief or any relief whatsoever.

72.    This paragraph consists of a request for relief, to which no response is required.  To the extent that a response is deemed necessary, the Secretary denies that Plaintiff is entitled to the requested relief or any relief whatsoever.

73.    In this paragraph, Plaintiff repeats the paragraphs set forth above.  The Secretary incorporates by reference his answers to all of the preceding paragraphs as if fully set out herein.

74.    This paragraph consists of a request for relief, to which no response is required.  To the extent that a response is deemed necessary, the Secretary denies that Plaintiff is entitled to the requested relief or any relief whatsoever.

75.    This paragraph consists of factual allegations regarding continuous glucose monitors.  Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents.

1   To the extent that these allegations are not reflected in the administrative record,

2   they are beyond the scope of the Court's review in this case, and no response is

3   required.

4        76.    This paragraph consists of a request for relief, to which no response is

5   required.  To the extent that a response is deemed necessary, the Secretary denies

6   that Plaintiff is entitled to the requested relief or any relief whatsoever.

7        77.    In this paragraph, Plaintiff repeats the paragraphs set forth above.  The

8   Secretary incorporates by reference his answers to all of the preceding paragraphs

9   as if fully set out herein.

10        78.    This paragraph consists of a request for relief, to which no response is

11   required.  To the extent that a response is deemed necessary, the Secretary denies

12   that Plaintiff is entitled to the requested relief or any relief whatsoever.

13        79.    This paragraph consists of a request for relief, to which no response is

14   required.  To the extent that a response is deemed necessary, the Secretary denies

15   that Plaintiff is entitled to the requested relief or any relief whatsoever.

16        The remaining paragraphs of the complaint contain Plaintiff's requested

17   relief, to which no response is required.  To the extent that a response is deemed

18   necessary, the Secretary denies that Plaintiff is entitled to the requested relief or

19   any relief whatsoever.

1    The Secretary denies any and all allegations of the complaint not expressly

2  admitted herein.

**DEFENSES**

4    1.    The Secretary's actions did not violate the Administrative Procedure

5  Act, the Medicare statute, or any other statutory or regulatory provision.

6    2.    Counts IV and VI were waived when they were not raised in the

7  administrative process.

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

MICHELLE BENNETT
Assistant Director, Federal Programs Branch

*/s/ James Bickford*
JAMES BICKFORD
Trial Attorney (N.Y. Bar No. 5163498)
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20530
James.Bickford@usdoj.gov
Telephone: (202) 305-7632
Facsimile: (202) 616-8470

*Counsel for Defendant*

Date: January 26, 2021