CASEY M. BRUNER, WSBA #50168
WITHERSPOON · KELLEY
422 W. Riverside Avenue, Suite 1100
Spokane, WA  99201-0300
Phone:  (509) 624-5265
Fax:   (509) 458-2728
cmb@witherspoonkelley.com

*Attorney for Plaintiff*

HONORABLE SALVADOR MENDOZA, JR.

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JEREMY OLSEN,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>XAVIER BECERRA, in his official capacity as the Secretary of the United States Department of Health and Human Services,<br><br>　　　　　Defendant. | No.  2:20-cv-00374-SMJ<br><br>PLAINTIFF'S MOTION FOR ATTORNEYS' FEES<br><br>WITHOUT ORAL ARGUMENT<br>APRIL 26, 2021 |

PLAINTIFF'S MOTION FOR ATTORNEYS' FEES- 1



Pursuant to 28 U.S.C. § 2412(b), Plaintiff Jeremy Olsen files this motion for an award of his attorney's fees and costs in this matter. As set forth below, the Secretary's position (both below and in this case) was frivolous/in bad faith.

This is exactly the kind of case for which an EAJA award is justified. For more than two years the Secretary denied Mr. Olsen's claim on the frivolous ground that a CGM is not "primarily and customarily used to serve a medical purpose." The Secretary did so though:

1) His position was and is frivolous, baseless, at odds with reality, and is "obviously wrong";

2) There has never been any evidence or rational basis for his position;

3) Four United States District Courts told the Secretary his position was "unreasonable", "arbitrary and capricious", "no evidence supports", "no reasonable person would be satisfied by, and had "no reasonable basis";

4) Four United States District Courts awarded attorneys' fees against the government for forcing Medicare beneficiaries to litigate the issue;

5) The actual evidence in Mr. Olsen's case showed that, *inter alia*, the CGM served the "particularly important" medical purpose of protecting Mr. Olsen's transplanted kidney. *See* ECF No. 39 at 8.

Indeed, the Secretary's commitment to the frivolous position has been so strong that the Secretary actually reversed ALJ Lambert's decision in Mr. Olsen's favor to assert that a CGM is not "primarily and customarily used to serve a medical purpose" relying on illegally issued CMS 1682-R and knowing of the district court' decisions rejecting the position.

PLAINTIFF'S MOTION FOR
ATTORNEYS' FEES- 1



422 W. Riverside Avenue, Suite 1100     Phone: 509.624.5265
Spokane, Washington 99201-0300          Fax: 509.458.2728

Further, in this case, the Secretary took steps to maximize the judicial and party resources and delay needed to resolve the dispute and also sought to change the basis for rejection rather than the one relied on below. The Secretary's unreasonable conduct has, so far, forced five district courts to expend their resources to reverse the Secretary's frivolous position.

## I.    BACKGROUND

### A.    Legal Background

"The clearly stated objective of the EAJA is to eliminate financial disincentives for those who would defend against unjustified governmental action and thereby deter the unreasonable exercise of Government authority." *See Ardestani v. I.N.S.*, 502 U.S. 129, 138 (1991).

Moreover, "[t]he policy behind the EAJA is to encourage litigants to vindicate their rights where any level of the adjudicating agency has made some error in law or fact and thereby forced the litigant to seek relief from a federal court." *See Ibrahim v. D.H.S.*, 912 F.3d 1147, 1167 (9th Cir. 2019) (*en banc*) (*citing Li v. Keisler*, 505 F.3d 913, 919 (9th Cir. 2007)). In this regard, the EAJA:

> [R]ests of the premise that a party who choose to litigate an issue against the Government is not only representing his or her own vested interest but is also refining and formulating public policy. An adjudication or civil action provides a concrete, adversarial test of



Government regulations and thereby insures the legitimacy and fairness of the law.

*Ibrahim*, 912 F.3d at 1178 (internal citations and quotations omitted).

Under EAJA, a prevailing party may obtain compensation for all aspects of the litigation, including fees incurred in litigating the fee petition. *See, e.g., I.N.S. v. Jean*, 496 U.S. 154, 162, 163 n. 10 (1990). In determining the amount of a fee, the court should determine the number of hours reasonably expended in the litigation multiplied by a reasonable hourly rate. *See, e.g., Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). As explained in *Hensley*:

> Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee. Normally, this will encompass all hours reasonably expended in the litigation, and indeed in some cases of exceptional success an enhanced award may be justified. In these circumstances the fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit. Litigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee. The result is what matters.

*Id.* at 435 (internal citations omitted).

Pursuant to 28 U.S.C. § 2412(b):

> Unless expressly prohibited by statute, a court may award reasonable fees and expenses of attorneys, in addition to the costs which may be awarded pursuant to subsection (a), to the prevailing party in any civil action brought by or against the United States or agency or any official of the United States acting in his or her official capacity in any court having jurisdiction of such action. The United States shall be liable for such fees and expenses to the same extent that any other party would

PLAINTIFF'S MOTION FOR
ATTORNEYS' FEES- 3



422 W. Riverside Avenue, Suite 1100    Phone: 509.624.5265
Spokane, Washington 99201-0300    Fax: 509.458.2728

be liable under the common law or under the terms of any statute which specifically provides for such an award.

Section 2412(b) incorporates the common law exceptions to the American rule on attorneys' fees.

In *Ibrahim*, the Ninth Circuit conducted a comprehensive review of paragraph (b) fees. As explained, under the common law, a court may assess attorneys' fees against the government if the government has "acted in bad faith, vexatiously, wantonly or for oppressive reasons." *Id*. at 1180. "[I]n evaluating whether the government acted in bad faith, a court may examine the government's actions that precipitated the litigation, as well as the litigation itself." *Id*. "A finding of bad faith is warranted where an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent." *Id*. To make a bad faith determination, the court must review the totality of the government's conduct. *Id*. at 1181. "However, it is unnecessary to find that every aspect of a case is litigated by a party in bad faith in order to find bad faith by that party." *Id*. "The district court may award attorney fees at market rates for the entire course of litigation, including time spent preparing, defending, and appealing the two awards of attorneys, if it finds that the fees incurred are in some way traceable to the government's bad faith." *Id*. at 1180 (internal citations and quotations omitted).

PLAINTIFF'S MOTION FOR
ATTORNEYS' FEES- 4



422 W. Riverside Avenue, Suite 1100    Phone: 509.**624.5265**
Spokane, Washington 99201-0300    Fax: 509.**458.2728**

For example, in *Brown v. Sullivan*, 916 F.2d 492 (9th Cir. 1990) the "cumulative effect" of the Social Security Appeals Council's failures constituted bad faith and an award of fees at market rates. *Id.* at 496. A "frivolous" argument is one that is "groundless" or "obviously wrong." *See Rodriguez v. U.S.*, 542 F.3d 704, 710 (9th Cir. 2008). An argument is "groundless" if it is "destitute of foundation, authority, or support; having no real cause or reason; unfounded." *Id*. Moreover, "Congress specifically intended the EAJA to deter unreasonable agency conduct." *Ibrahim*, 512 F.3d at 1166-67 (*citing Jean*, 496 U.S. at 163 n. 11).

**B.    Procedural Background**

Mr. Olsen will not rehash proceedings before the Department as this Court is already familiar with what occurred there. On December 23, 2019, Mr. Olsen filed the Complaint in this case in the Secretary's home district (*i.e.*, the District of Columbia). At least part of the reason for doing so was the fact that a nearly identical matter was/is pending in the District of Columbia and having the same judge consider the issues would be most efficient and minimize the amount of judicial resources needed to decide this case. *See Lewis v. Azar,* Case No. 18-cv-2929 (D.D.C. Walton, J.).

The Secretary objected to venue in his home district, thereby necessitating additional local counsel, another round of summary judgment briefing, maximizing

PLAINTIFF'S MOTION FOR
ATTORNEYS' FEES- 5



422 W. Riverside Avenue, Suite 1100    Phone: 509.**624.5265**
Spokane, Washington 99201-0300    Fax: 509.**458.2728**

the judicial and party resources needed to decide this case and also leading to a 10-month delay in resolution. Indeed, the same attorney who represented the Secretary in objecting to venue in the Secretary's home district, represented the Secretary before this Court. With the case transferred to this Court, rather than Answer, the Secretary moved to partially dismiss some of the counts. *See* ECF No. 19. While the motion to dismiss was pending, Mr. Olsen moved for summary judgment. *See* ECF No. 22.

Though four district courts had already ruled that the Secretary's position was unreasonable, etc., the Secretary both opposed Mr. Olsen's motion and also filed his own motion for summary judgment. *See* ECF No. 27. Importantly, rather than contending that Mr. Olsen's CGM was not "primarily and customarily used to serve a medical purpose" (as the MAC claimed relying on the illegally issued CMS 1682-R in rejecting Mr. Olsen's claim), the Secretary now contended that the claim was/should denied because one CGM device was "more accurate" than another. *Id*. at 1, 3-4, 6-8.

On January 12, 2021, this Court addressed the Secretary's motion to dismiss. Because that motion was only directed at some of the claims and this Court denied the motion even as to some of the claims attacked by the Secretary, the case was not dismissed. *See* ECF No. 34. Thereafter, the Secretary filed an "Answer" to the

PLAINTIFF'S MOTION FOR
ATTORNEYS' FEES- 6



422 W. Riverside Avenue, Suite 1100    Phone: 509.**624.5265**
Spokane, Washington 99201-0300    Fax: 509.**458.2728**

Complaint. See ECF No. 36. Though the Secretary was required by 42 U.S.C. 405(g) to provide a certified copy of the transcript of the record of the proceedings below as part of his answer, the Secretary did not do so either when he originally answered the Complaint (with a motion to dismiss) or when he finally filed an "Answer" on January 26, 2021. See ECF No. 36. Subsequently, this Court was forced to issue an Order compelling the Secretary to comply with his statutory duty and reschedule consideration of Mr. Olsen's pending motion for summary judgment. See ECF No. 37. Thus, the Secretary's failure to comply his statutory duties again caused delay. On February 23, 2021, this Court granted summary judgment in Mr. Olsen's favor and denied the Secretary's motion for summary judgment. See ECF No. 39. In so doing, this Court cited the four other courts that have unanimously determined that the Secretary's position was/is unreasonable.

## II. DISCUSSION

### A. Mr. Olsen Was the "Prevailing Party"

Given the Court's decision in Mr. Olsen's favor and subsequent order of coverage for Mr. Olsen's CGM, clearly, Mr. Olsen was the "prevailing party."

### B. Fees Should Be Awarded Under § 2412(b)

As detailed above, no reasonable person (including attorneys) could have ever thought that a CGM was not "primarily and customarily used to serve a

PLAINTIFF'S MOTION FOR
ATTORNEYS' FEES- 7



422 W. Riverside Avenue, Suite 1100    Phone: 509.624.5265
Spokane, Washington 99201-0300          Fax: 509.458.2728

medical purpose." That position is frivolous, "obviously wrong", baseless and without a good faith basis. Especially so in this case, where a CGM was prescribed, at least in part, to protect Mr. Olsen's transplanted kidney. Because the Secretary rejected Mr. Olsen's claim on these frivolous grounds (with actual knowledge of the multiple district court decisions rejecting it), the entirety of the expense of this litigation was caused by the Secretary's misconduct.

The bad faith conduct continued after the filing of this case. As an initial matter, the Secretary's objection to venue in his home district appears to have been designed solely to maximize the judicial resources required to resolve this matter and the delay associated therewith. Indeed, the same attorney who represented the Secretary in the District of Columbia in objecting to venue appeared in this Court to represent the Secretary.

Mr. Olsen's claim was denied by the MAC on the grounds that a CGM is not "primarily and customarily used to serve a medical purpose" as defined in CMS 1682-R. *See* ECF No. 2, Exhibit F at 2, 8-10. Thus, the Secretary denied Mr. Olsen's claim on frivolous grounds set forth in an illegally issued policy. To the extent that the Secretary sought to defend the original basis for denial in this case, that would have been as equally frivolous, baseless, and without a good faith basis as the original basis.

PLAINTIFF'S MOTION FOR ATTORNEYS' FEES- 8

WITHERSPOON·KELLEY
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100    Phone: 509.**624.5265**
Spokane, Washington 99201-0300    Fax: 509.**458.2728**

In Mr. Olsen's view, rather than try and defend the original basis for denial, in the litigation, the Secretary sought to change the basis for denial. While the original basis for denial was that Mr. Olsen's CGM is not "primarily and customarily used to serve a medical purpose" (as defined in the illegally issued CMS 1682-R), in the litigation, the Secretary sought to defend the denial on the grounds that one CGM is "more accurate" than another. The effort to switch bases for denial was itself baseless. "It is well-established that an agency's action must be upheld, if at all, on the basis articulated by the agency." *Motor Vehicle Mfrs. Assoc. of U.S. v. State Farm Mutual Automobile Ins. Co.*, 436 U.S. 29, 50 (1983); *Snoqualmie Indian Tribe v. F.E.R.C.*, 445 F.3d 1207, 1212 (9th Cir. 2008) ("An agency's decision can be upheld only on the basis of the reasoning in that decision.").

Moreover, because the Secretary's position in all these cases has its basis in bad faith, the negative decisions of five district courts uniformly rejecting the Secretary's position have had no effect on the Secretary's conduct. Indeed, after this Court became the fifth court to reject the Secretary's position as "unreasonable", the Secretary has continued to reject CGM claims on the grounds that a CGM is not "primarily and customarily used to serve a medical purpose", with knowledge of the prior district court decisions (as the Secretary did in Mr.

PLAINTIFF'S MOTION FOR
ATTORNEYS' FEES- 9



422 W. Riverside Avenue, Suite 1100    Phone: 509.**624**.**5265**
Spokane, Washington 99201-0300    Fax: 509.**458**.**2728**

Olsen and Mrs. Zieroth's cases). *See* Exhibit A (February 26, 2021 MAC decision rejecting CGM claim). Thus, because the Secretary's position leading to the litigation and/or the conduct of the litigation itself was in bad faith, this Court should award fees pursuant to 28 U.S.C. § 2412(b) at market rates.

As detailed in Exhibit C, the total fees for this matter were $64,460 representing some 122.94 hours of both attorney and paralegal time. Exercising billing judgment, Plaintiff's counsel has chosen to reduce this figure by 10%. In addition, expenses in this matter totaled $1,068.85 for filing fees, postage/courier service, and *pro hac vice* fees. Combining the reduced fees and expenses, Mr. Olsen respectfully requests an award in the amount of $59,082.85. Resumes of the relevant attorneys are attached as Exhibit D. The figures reported herein will be updated when the fees incurred in drafting the fee motion/reply are known.

**C.    A Showing that Mr. Olsen Is Eligible To Receive an EAJA Award**

Attached, as Exhibit B, is a declaration that Mr. Olsen's assets have never exceeded $2,000,000. Thus, Mr. Olsen is eligible to receive an EAJA award.

## CONCLUSION

For the reasons set forth above, the Court should award Mr. Olsen his attorneys' fees and expenses pursuant to 28 U.S.C. § 2412(b).

PLAINTIFF'S MOTION FOR
ATTORNEYS' FEES- 10



Witherspoon·Kelley
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100    Phone: 509.624.5265
Spokane, Washington 99201-0300    Fax: 509.458.2728

Dated this 25th day of March, 2021.

                                           WITHERSPOON · KELLEY

By: *s/ Casey M. Bruner*
     Casey M. Bruner, WSBA # 50168
     cmb@witherspoonkelley.com
     422 W. Riverside Avenue, Suite 1100
     Spokane, WA 99201-0300
     Phone: (509) 624-5265
     Fax: (509) 458-2728
     *Attorneys for Plaintiff*

# CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of March 2021,

1. I caused to be electronically filed the foregoing PLAINTIFF'S MOTION FOR ATTORNEYS' FEES with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

**James.Bickford@usdoj.gov**

2. I hereby certify that I have caused to be mailed by United States Postal Service the foregoing document to the following non-CM/ECF participants at the addresses listed below:

Jeffrey Blumenfeld
Lowenstein Sandler LLP
2200 Pennsylvania Avenue, NW, Suite 500E
Washington, DC  20037

3. I hereby certify that I have mailed by United States Postal Service the foregoing document to the following CM/ECF participants at the address listed below:  **None.**

4. I hereby certify that I have hand-delivered the foregoing document to the following participants at the addresses listed below:  **None.**

*s/ Casey M. Bruner*
Casey M. Bruner, WSBA #50168

