CASEY M. BRUNER, WSBA #50168
WITHERSPOON · KELLEY
422 W. Riverside Avenue, Suite 1100
Spokane, WA 99201-0300
Phone: (509) 624-5265
Fax: (509) 458-2728
cmb@witherspoonkelley.com

*Attorney for Plaintiff*

HONORABLE SALVADOR MENDOZA, JR.

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JEREMY OLSEN,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>XAVIER BECERRA, in his official capacity as the Secretary of the United States Department of Health and Human Services,<br><br>　　　　Defendant. | No. 2:20-cv-00374-SMJ<br><br>PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR ATTORNEYS' FEES |

PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR ATTORNEYS' FEES - 1



Mr. Olsen's motion should be granted.

The Secretary did not contest any of the facts set forth in Mr. Olsen's motion. Further, other than contending his position below and in this case was not frivolous, the Secretary did not dispute that all of the elements allowing for an award of fees under 28 U.S.C. § 2412(b) are present (*e.g.*, that Mr. Olsen was the prevailing party, that he is eligible for an EAJA award) or any of the legal bases/cases cited by Mr. Olsen.  Likewise, the Secretary did not dispute the reasonableness of the fees requested, including the market rates charged.  Thus, the Court need only decide whether the Secretary's position that a CGM is not "primarily and customarily used to serve a medical purpose" is "obviously wrong" and/or "groundless" (*i.e.*, whether that position is "frivolous").  In making that decision, the Court can consider both the activity before the Department and activity in this case and award fees if the conduct before either or both bodies was frivolous/in bad faith.

Mr. Olsen's motion should be granted.

## DISCUSSION

**A.    The Secretary's Position Below and in This Litigation Was Frivolous**

The idea that a CGM is not "primarily and customarily used to serve a medical purpose" is obviously wrong.  That is why, so far, five district courts (i.e., every court to consider the issue) has ruled against the Secretary.  The four courts

PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR ATTORNEYS' FEES - 1



422 W. Riverside Avenue, Suite 1100      Phone: 509.**624.5265**
Spokane, Washington 99201-0300           Fax: 509.**458.2728**

to reach an attorney's fees decision awarded fees to the plaintiffs for even having to litigate the issue. Along the way, those courts have described the Secretary's position using phrases such as "unreasonable", "arbitrary and capricious", "no evidence supports", "no reasonable basis", "no reasonable person would be satisfied", "string of losses", and "not reasonable." *See Whitcomb*, *Lewis*, *Bloom*, and *Zieroth* (citations omitted). Likewise, this Court characterized the Secretary's position as "not reasonable" (Decision at 7) and "unreasonable" (Decision at 9) and this Court noted the "particularly important" medical purpose of Mr. Olsen's CGM in protecting his transplanted kidney (Decision at 8). In short, the Secretary's position was/is "obviously wrong" and is frivolous.

The Secretary's principal justification is his assertion that it was "reasonable" to consider only CGMs that are "accurate enough" as covered durable medical equipment. *See, e.g.*, Opp. at 5. Of course, "accurate enough" is not a qualification under either the statute (42 U.S.C. § 1395x(n)) or the Secretary's regulations (42 C.F.R. § 404.202). Further, "accurate enough" was not the basis for denial of Mr. Olsen's claim below. *See* ECF 2, Exhibit F at 8-9. Instead, the MAC denied Mr. Olsen's claim on the grounds that a CGM is not "primarily and customarily used to serve a medical purpose" because it is "precautionary"/"not for the primary medical purpose." Indeed, that is exactly how this Court described the MAC decision when

PLAINTIFF'S REPLY IN SUPPORT
OF MOTION FOR ATTORNEYS'
FEES - 2



422 W. Riverside Avenue, Suite 1100    Phone: 509.624.5265
Spokane, Washington 99201-0300         Fax: 509.458.2728

granting summary judgment in Mr. Olsen's favor.  *See* Decision [ECF 38] at 8 ("No evidence supports the Appeals Council's conclusion that a CGM is not 'primarily and customarily used to serve a medical purpose'.").  That position below was frivolous as would have been any effort to defend that position in this Court.  Likewise, attempting to switch the basis for denial of Mr. Olsen's claim in this litigation was frivolous.  Defending a frivolous position adopted in an illegally issued policy by switching the basis for denial does not make the Secretary's position less frivolous.

Moreover, as shown, additional evidence of the Secretary's bad faith is the fact that the Secretary adopted the frivolous position in Mr. Olsen's case with actual knowledge of the decisions in the *Lewis*, *Bloom*, and *Whticomb* cases.  *See* ECF 2, Exhibit F at 9.

In his moving papers, Mr. Olsen noted three other items that the Court should take into consideration in making its determination.  First, Mr. Olsen noted that, in violation of the statute, the Secretary did not produce the administrative record until ordered by this Court and that the Secretary's failure in that regard led to yet more delay.  Mot. at 7.  The Secretary did not attempt to justify the failure to comply with the basic rules of the review statute.

PLAINTIFF'S REPLY IN SUPPORT
OF MOTION FOR ATTORNEYS'
FEES - 3



422 W. Riverside Avenue, Suite 1100    Phone: 509.**624.5265**
Spokane, Washington 99201-0300         Fax: 509.**458.2728**

Second, Mr. Olsen showed that even after this Court's decision, the Secretary has continued to reject CGM claims on the grounds that a CGM is not "primarily and customarily used to serve a medical purpose." Mot. at 10 (Exhibit A – MAC decision dated February 26, 2021 concerning Linda Smith). Indeed, the Secretary's continued rejection of CGM claims on the frivolous grounds combined with the Secretary's efforts to maximize the judicial and party resources means that at least *seven* federal judges will consider the Secretary's frivolous position that a CGM is not "primarily and customarily used to serve a medical purpose."[1]  Thus, the attorney fee awards to date have not had the deterrent effect intended by EAJA. Mot. at 2 (purpose of EAJA is "to deter the unreasonable exercise of Government authority" *citing Ardestani v. I.N.S.*, 502 U.S. 129, 138 (1991)).[2]  Again, the Secretary did not respond.

---

[1] On April 5, 2021, Mrs. Smith filed suit in Utah seeking to overturn the Secretary's denial of her CGM claim. *See Smith v. Becerra*, Case No. 21-cv-047 (D. Utah).

[2] Indeed, the fact that the Secretary still contends that his position was "reasonable" and "substantially justified" in opposition to this fees motion indicates that fee awards at less than market rates do not deter the Secretary.

PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR ATTORNEYS' FEES - 4



WITHERSPOON·KELLEY
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100    Phone: 509.624.5265
Spokane, Washington 99201-0300          Fax: 509.458.2728

Third, Mr. Olsen noted the Secretary's objection to venue when sued in the Secretary's home district leading to delay, increased expense, and maximizing the judicial resources needed to resolve this matter.[3] Mot. at 5-6.

In response, the Secretary offers comments regarding the class action matter, also pending in the District of Columbia. Opp. at 2-3. Respectfully, it is very difficult to follow how the Secretary thinks the presence of the class action in D.C. justified his objection to litigating in his home district, forcing a sixth federal judge to consider the frivolous position, and imposing delay and increased expense on Mr. Olsen. As near as Plaintiff can tell, the Secretary intimates that the reason the Secretary objected to venue in his home district was because he did not want the

---

[3] By way of background, the Medicare Act has two venue provisions. One provision (42 U.S.C. § 1395ff(b)(2)(C)(iii)) provides for venue either where the beneficiary resides or in the District of Columbia. Believing this provision applicable, both the class action plaintiffs and Mr. Olsen filed suit in the District of Columbia. *See* ECF No. 3 at ¶ 3. Another provision (42 U.S.C. § 405(g)) provides for venue where the beneficiary resides. In *Olsen* (but not the class action), the Secretary contended that § 1395ff(b)(2)(C)(iii) only applied to "expedited appeals" and, on review, Mr. Olsen did not contest that.

PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR ATTORNEYS' FEES - 5

same judge to consider Mr. Olsen's case. Thus, it appears the Secretary contends that he intentionally multiplied the proceedings and caused the expenditure of additional judicial and party resources because he was concerned that a particular judge might rule on an issue.[4] Rather than justification, that appears to be an argument supporting the award of fees in this case.

B.  **Response to the Secretary's Other Comments**

The Secretary points to the award of fees under 28 U.S.C. § 2412(d) (*i.e.*, lack of "substantial justification" fees) in other four cases and contends that his fifth repetition of the same conduct should not result in the Secretary bearing the full cost of his frivolous position. Opp. at 6-7 ("The Secretary's position here is, substantively, no more or less frivolous than it was in those earlier cases.").

---

[4] To the extent that the Secretary contends that a decision in Mr. Olsen's case would somehow advance the merits of the class action, that position is unfounded. By the time the class action was filed in December 2018, the *Whitcomb*, *Lewis*, and *Bloom* courts had already rejected the Secretary's position. Thus, a fourth decision would not be expected to have any effect. Conversely, having the same judge and counsel address a matter is efficient and conserves resources which are particularly important in a *pro bono* matter.

PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR ATTORNEYS' FEES - 6



422 W. Riverside Avenue, Suite 1100    Phone: 509.**624.5265**
Spokane, Washington 99201-0300    Fax: 509.**458.2728**

In Plaintiff's view, the Secretary's position has always been frivolous. The plaintiffs in those earlier cases hoped that an award of even only a portion of the attorney's fees would cause the Secretary to reconsider the misguided position and achieve the deterrence effect contemplated by EAJA.[5] Each successive suit has demonstrated that lesser measures will not deter the Secretary. Indeed, as the cases have piled up, the Secretary has become increasingly explicit in his defiance of the courts' rulings on the issue and, as demonstrated in the MAC's decision in Mr. Olsen and Mrs. Smith's cases, now contends that the court should defer to the Secretary's greater wisdom. Thus, while the plaintiffs (and perhaps the courts) in the earlier cases hoped that a softer approach would be effective, the Secretary's defiance has demonstrated that that will not be the case. Further, each award of fees at less than market rates means that the beneficiaries (through their counsel) bear the cost of the Secretary's misconduct. Having chosen for a fifth time to advance a frivolous position, the Secretary should bear the full cost of that course of conduct.

The Secretary's comments regarding fees under 28 U.S.C. § 2412(d) (*i.e.*, lack of "substantial justification" fees) are irrelevant. Opp. at 9-10. Mr. Olsen does

---

[5] In case it was not clear already, the undersigned was *pro bono* counsel in the *Whitcomb*, *Lewis*, *Bloom*, and *Zieroth* cases.

PLAINTIFF'S REPLY IN SUPPORT
OF MOTION FOR ATTORNEYS'
FEES - 7



422 W. Riverside Avenue, Suite 1100    Phone: 509.**624**.**5265**
Spokane, Washington 99201-0300         Fax: 509.**458**.**2728**

not seek fees under that provision. Mr. Olsen seeks a determination that the Secretary's position was/is frivolous and for the Secretary to bear the full cost of that frivolous position.

### C. Updated Fee Amount

As noted in Mr. Olsen's moving papers, under EAJA, fees incurred in seeking an award of fees are also recoverable. Mot. at 3. Attached as Exhibits A and B to the *Declaration of Casey M. Bruner* [ECF 49] are updated billing invoices reflecting the additional fees incurred in drafting the fees briefing. The update brings the total fees incurred in this matter to $75,119.00. As noted in Mr. Olsen's moving papers, Plaintiff has chosen to exercise billing discretion and reduce these fees by 10% across the board thus reducing the requested fees to $67,607.10. Combined with $1,068.85 in expenses, the total award requested is $68,675.95.

### CONCLUSION

Mr. Olsen's motion should be granted. The Secretary's position was and is frivolous and it appears that only an EAJA award so stating has any prospect of influencing the Secretary's conduct.

//

//

//

PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR ATTORNEYS' FEES - 8

**WK** WITHERSPOON·KELLEY
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100    Phone: 509.**624.5265**
Spokane, Washington 99201-0300    Fax: 509.**458.2728**

Dated this 15th day of April, 2021.

                        WITHERSPOON · KELLEY

By: *s/ Casey M. Bruner*
     Casey M. Bruner, WSBA # 50168
     cmb@witherspoonkelley.com
     422 W. Riverside Avenue, Suite 1100
     Spokane, WA  99201-0300
     Phone:  (509) 624-5265
     Fax:   (509) 458-2728
     *Attorneys for Plaintiff*



# CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of April 2021,

1. I caused to be electronically filed the foregoing PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR ATTORNEYS' FEES with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

>   James.Bickford@usdoj.gov

2. I hereby certify that I have caused to be mailed by United States Postal Service the foregoing document to the following non-CM/ECF participants at the addresses listed below:

> Jeffrey Blumenfeld
> Lowenstein Sandler LLP
> 2200 Pennsylvania Avenue, NW, Suite 500E
> Washington, DC  20037

3. I hereby certify that I have mailed by United States Postal Service the foregoing document to the following CM/ECF participants at the address listed below: **None.**

4. I hereby certify that I have hand-delivered the foregoing document to the following participants at the addresses listed below: **None.**

> *s/ Casey M. Bruner*
> Casey M. Bruner, WSBA #50168

PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR ATTORNEYS' FEES - 10



WITHERSPOON·KELLEY
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100   Phone: 509.**624.5265**
Spokane, Washington 99201-0300       Fax: 509.**458.2728**