FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 20, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JEREMY OLSEN,<br><br>          Plaintiff,<br><br>v.<br><br>XAVIER BECERRA, in his official capacity as the Secretary of the United States Department of Health and Human Services,<br><br>          Defendant. | No.  2:20-cv-00374-SMJ<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEYS' FEES** |

Before the Court, without oral argument, is Plaintiff's Motion for Attorneys' Fees, ECF No. 43. The Court has reviewed the record and pleadings in this matter, is fully informed, and grants the motion.

## BACKGROUND

Plaintiff Jeremy Olsen is a 41-year-old Type I diabetic who has suffered kidney failure and undergone a kidney transplant due to his condition. ECF No. 1 at 10. Plaintiff uses a Medtronic MiniMed Continuous Glucose Monitor ("CGM"), which he alleges a doctor prescribed to help avoid failure of his transplanted kidney and prevent other complications from his diabetes. *Id.* at 11. Plaintiff suffers from

ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEYS' FEES – 1

1 hypoglycemic unawareness, meaning he cannot tell when his blood sugar is low. 2 *See* AR 041.

3 After his claim for Medicare coverage of the CGM supplies was initially 4 denied as not "durable medical equipment," an Administrative Law Judge 5 eventually approved Plaintiff's claim. *Id.* at 11–12. But the Medicare Appeals 6 Council/Departmental Review Board ("Appeals Council") reversed the ALJ, 7 determining that a CGM is not "durable medical equipment" because it is not 8 "primarily and customarily used to serve a medical purpose." *Id.* at 12.

9 Plaintiff sought judicial review in the U.S. District Court for the District of 10 Columbia. ECF No. 1. The case was transferred to this Court. ECF No. 14. Plaintiff 11 alleged six causes of action. ECF No. 1. Among other things, he claimed the 12 Appeals Council based its decision on CMS-1682-R, a "final opinion and order" 13 regarding CGM coverage, which the Department of Health and Human Services 14 issued without a public notice and comment period. *Id.* at 8. He also argued 15 substantial evidence did not support the Appeals Council's decision to deny 16 coverage and its decision was arbitrary and capricious. *Id.* at 15. The Court granted 17 Plaintiff's motion for summary judgment and ordered Defendant provide coverage, 18 finding that Plaintiff's CGM constitutes durable medical equipment. ECF No. 39.

19 //

20 //

ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEYS' FEES – 2

## LEGAL STANDARD

A party who prevails in a civil action against the United States is entitled to costs under the EAJA. 28 U.S.C. § 2412(a)(1). Additionally, a party who prevails in a civil action, other than a tort case, against the United States is entitled to attorney fees and expenses under the EAJA, unless the Court finds the United States' position was substantially justified or special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). If the United States "acted in bad faith, vexatiously, wantonly, or for oppressive reasons," the Court may award attorney fees at market value, rather than at the statutory rates. *Ibrahim v. U.S. Dep't of Homeland Sec.*, 912 F.3d 1147, 1180 (9th Cir 2019) (quoting *Rodriguez v. United States*, 542 F.3d 704, 709 (9th Cir. 2008)). "The purpose of such award is to deter abusive litigation in the future, thereby avoiding harassment and protecting the integrity of the judicial process." *Id.* (internal quotation omitted).

## DISCUSSION

Plaintiff seeks market-value attorney fees under Section 2412(b), arguing that Defendant's position in this case was in bad faith. *See* ECF No. 43. This Court agrees. A Court should find bad faith when the government "knowingly or recklessly raises a frivolous argument." *Rodriguez*, 542 F.3d at 709 (quoting *Primus Auto. Fin. Servs. v. Batarse*, 115 F.3d 644, 649 (9th Cir. 1997)). "A frivolous [defense] is one that is groundless . . . with little prospect of success," such as one

in which "the government's position was foreclosed by binding precedent or so obviously wrong as to be frivolous." *See id.* (ellipsis in original; internal quotation and citation omitted). A court "must review the totality of the government's conduct" and "may examine the government's actions that precipitated the litigation, as well as the litigation itself." *See Ibrahim*, 912 F.3d at 1180, 1181. But "it is unnecessary to find that every aspect of a case is litigated by a party in bad faith in order to find bad faith by that party." *Rodriguez*, 542 F.3d at 712.

Plaintiff argues that Defendant "took steps to maximize judicial and party resources and delay," that he changed his basis for the rejection of Plaintiff's claims, and that unfavorable opinions by five district courts has not deterred him. ECF No. 43 at 3. In *Zieroth v. Azar*, No. 20-cv-00172-MMC, 2020 WL 7075629, at *2–3 (N.D. Cal. Dec. 3, 2020), the Northern District of California considered nearly this exact issue. Like this case, the court had granted summary judgment in favor of plaintiff, ordering that the Secretary cover the at-issue CGM under Medicare. *Id.* at *1. When faced with a motion for attorney fees, though, the court determined that the Secretary did not act in bad faith. *Id.* at *2–3. That court reasoned that "the Secretary's position was not wholly lacking in support," and "the Secretary's position has not changed." *Id.* Unlike in this case, Plaintiff in *Zieroth* requested, in the alternative, statutory fees under Section 2412(d), which the court awarded. *Id.* at *2.

ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEYS' FEES – 4

This Court disagrees with the Court in *Zieroth* and determines that Defendant in this case "knowingly or recklessly raise[d] a frivolous argument." *See Rodriguez*, 542 F.3d at 709. For all the reasons explained in the Order granting summary judgment for Plaintiff, ECF No. 39, Defendant's defense was "groundless." *See Rodriguez*, 542 F.3d at 709. While Defendant's position was not foreclosed by binding precedent, the Court determines that it was "so obviously wrong as to be frivolous." *See id.* Every court to consider a claim like Plaintiff's has ruled the same way as this Court—concluding the plaintiff is entitled to relief. *See Zieroth v. Azar*, No. 20-cv-00172-MMC, 2020 WL 5642614, at *4; *Whitcomb v. Hargan*, 2:17-CV-00014, 2017 U.S. Dist. LEXIS 216571, at *15 (E.D. Wisc. Oct. 26, 2017); *Bloom v. Azar*, No. 5:16-cv-121, 2018 WL 583111, at *10 (D. Vt. Jan. 29, 2018), *reversed on other grounds by* 976 F.3d 157 (2d. Cir. 2020); *Lewis v. Azar*, 308 F. Supp. 3d 574, 579 (D. Mass. 2018). Yet Defendant has continued to assert its untenable position, wasting judicial and party resources.

And this Court agrees that Defendant has changed its position. *Compare* AR 013 (stating that a CGM is not "durable medical equipment" because they do not replace blood glucose monitors) *with* ECF No. 47 at 6 (stating that Defendant's do not cover certain CGMs because they are supposedly less accurate than blood-glucose monitors). Under either argument, Defendant fails, but the Court finds further bad faith in Defendant's mischaracterization of the justification of the denial

ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEYS' FEES – 5

of coverage. Altogether, Defendant's conduct meets the "high threshold" for an award of bad-faith fees.[1] *See Primus Auto. Fin. Servs.*, 115 F.3d at 649.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Attorneys' Fees, ECF No. 43, is **GRANTED** in the amount of **$68,675.95**.

2. The Commissioner of the Social Security Administration is **DIRECTED** to pay EAJA attorney fees and costs in the amount of **$68,675.95**.

3. The EAJA award shall be made **PAYABLE DIRECTLY TO PLAINTIFF'S COUNSEL**, Casey M. Bruner, and can be mailed to 422 W. Riverside Avenue, Suite 1100, Spokane, Washington 99201.

4. EAJA costs, attorney fees, and expenses, are subject to any offsets allowed under the Treasury Offset Program, as discussed in *Astrue v. Ratliff*, 560 U.S. 586 (2010).

//

//

//

---

[1] The Court agrees with Defendant that Defendant's objection to venue does not constitute bad faith. *See* ECF No. 47 at 9. But the Court agrees with Plaintiff that Defendant's failure to file the Administrative Record until directed by the Court (and even Defendant filed it three days after the deadline) is vexatious and contributes to the Court's determination of bad faith. *See* ECF Nos. 37, 38.

ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEYS' FEES – 6

**5.** The Clerk's Office is directed to **CLOSE** this file.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 20th day of April 2021.

_____
SALVADOR MENDOZA, JR.
United States District Judge

ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEYS' FEES – 7